16 F.3d 1229
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Charles A. VARNAL, Appellant,
v.
AARP HARTFORD INS., Co.; Joe Scott, Claim Manager of the
Hartford Insurance Co.; Kelvin R. Parker, Senior
Claim Representative of the Hartford
Insurance Co., Appellees.
 No. 93-2166.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 9, 1993.
Filed: December 16, 1993.
 
 Before WOLLMAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Charles A. Varnal appeals from the district court's[1] order dismissing his complaint. We affirm.
 
 
 2
 Varnal alleged that defendants AARP Hartford Insurance Company, Hartford Insurance Company Claims Manager Joe Scott, and Hartford Insurance Company Senior Claims Representative Kelvin Parker discriminated against him when they denied him automobile insurance coverage and cancelled his homeowners policy. Defendants moved to dismiss on the grounds that the complaint was not served on any defendant and that the court lacked subject matter jurisdiction over the controversy because the complaint failed to raise a federal question. Defendants also argued that complete diversity was not present because both Parker and Varnal were Missouri residents.
 
 
 3
 In response, Varnal alleged that, by cancelling his homeowners insurance because he did not reside in the insured dwelling, defendants were confining him to that building, thus violating his Thirteenth Amendment right to be free from "involuntary servitude." Varnal also contended that as an AARP member, the Ninth Amendment guaranteed him a right to an insurance policy from Hartford. Although Varnal argued that both Scott and AARP Hartford were not residents of Missouri, he did not contest the defendants' assertions that Parker was a Missouri resident and that none of the defendants had been properly served.
 
 
 4
 The district court dismissed the complaint, noting that Varnal failed to refute the defendants' affidavits and arguments concerning improper service. The court also noted that complete diversity was lacking because defendant Parker and Varnal both resided in Missouri and that the complaint did not present a federal question under either the Ninth or Thirteenth Amendments.
 
 
 5
 On appeal, Varnal reiterates the arguments he advanced to the district court. Furthermore, Varnal contends in his reply brief that proper service was made on the defendants.
 
 
 6
 Federal Rule of Civil Procedure 4(d) requires that "[t]he summons and complaint shall be served together." In response to the defendants' motion to dismiss, Varnal failed to contest the defendants' affidavits, which stated that they were served only with the summons and not with the summons and complaint. We need not consider Varnal's argument that service was proper because he raises it for the first time on appeal in his reply brief. See Wiener v. Eastern Arkansas Planting Co., 975 F.2d 1350, 1357 n.6 (8th Cir. 1992). Thus, the district court's dismissal of the complaint was proper. In addition, we agree with the district court's conclusion that it lacked subject matter jurisdiction over the complaint.
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri